

**ORDERED in the Southern District of Florida on December 30, 2011.**

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| In re: | Case No.: 10-26423-AJC |
|---|---|
| INFOLINK GROUP, INC., | Chapter 11 |
| Debtor. | (Jointly Administered) |
| In re: | Case No.: 10-26436-AJC |
| INFOLINK INFORMATION SERVICES, INC., | Chapter 11 |
| Debtor. | |

ORDER DENYING LEARY'S AND SRX'S EMERGENCY MOTION TO VACATE ORDER GRANTING REHEARING, VACATING ORDER APPROVING SETTLEMENT AGREEMENT, AND PERMITTING EQUITY GROUP TO PROCEED WITH ITS PLAN OF REORGANIZATION, OR IN THE ALTERNATIVE FOR IMMEDIATE RETURN OF SRX TRADING, INC.'S SETTLEMENT FUNDS AND TO VACATE PARTIAL DEFAULT JUDGMENT

THIS MATTER came before the Court on December 27, 2011 upon Prieur Leary's and SRX's Emergency Motion to Vacate Order Granting Rehearing, Vacating Order Approving Settlement Agreement, and Permitting Equity Group to Proceed With its Plan of Reorganization, or in the Alternative for Immediate Return of SRX Trading, Inc.'s Settlement Funds and to

Vacate Partial, Default Judgment [DE 835] (the "Leary/SRX Emergency Motion"). The Leary/SRX Emergency Motion seeks to vacate the Court's November 23, 2011 Order Granting Rehearing and Vacating Settlement Approval [DE 819] ("Order Vacating Settlement Approval"). At the hearing, Leary and SRX argued for the return of the funds escrowed as part of the Leary/SRX Settlement Agreement.

The Court determines that it was within its authority, jurisdiction and discretion to consider the Kurzweg Equity Group's motion for rehearing of the approval of the Settlement Agreement [DE 805], and declines to vacate the Order Vacating Settlement Approval. *See In re Old Carco LLC*, 423 B.R. 40, 48-49 (S.D.N.Y. 2010) *citing In re Texlon Corp.*, 596 F.2d 1092 (2d Cir. 1979) (allowing reconsideration of order as exercise of court's inherent power: "In support of the view that a bankruptcy court retains inherent power to reconsider its orders and judgments notwithstanding the adoption of Rule 60(b), the *Texlon* court cited to the Moore treatise for a description of the 'distinctive nature' of a bankruptcy proceeding as 'one continuous, often long, proceeding, within which many other controversies and proceedings occur during the course of administration.'" *Texlon,* 596 F.2d at 1100 (quoting 7 Moore, FEDERAL PRACTICE, ¶ 60.18 at 215)). *See also In re General Development Corp.*, 165 B.R. 685 (S.D.Fla. 1994); *In re Hansen,* 391 B.R. 896 (Bankr. M.D.Fla. 2008); *In re Baron's Stores, Inc.* 2007 WL 1120296 (Bankr. S.D.Fla. 2007).

In this case, the Kurzweg Equity Group objected to the initial settlement. The Court overruled the objection because the Kurzweg Equity Group did not present a higher and better offer. Within the limitations of Bankruptcy Rule 9023, the Kurzweg Equity Group timely moved for rehearing and proposed a better offer for creditors, existing equity and the employees of the Debtor. The Court properly reconsidered approval of the Settlement Agreement and determined

the offer by the Kurzweg Equity Group was in the best interests of the creditors, equity and employees. The Court will not disturb its Order Vacating Settlement Approval.

Leary/SRX move, in the alternative, for the immediate return of the funds deposited on account of their proposed Settlement Agreement. The settlement itself provides at page 7: "In the event that the Settlement Agreement is not approved by the Bankruptcy Court, the Settlement Funds will be released to SRX's counsel, Weber within Two (2) business days." The Settlement Agreement was initially approved by this Court by Order dated November 14, 2011 [DE 797]. However, the order approving the Leary/SRX Settlement Agreement was vacated upon rehearing [DE 819].

While that might have been the end of the story for Leary/SRX, and they would have been entitled to the return of the Settlement Funds, Leary/SRX determined to appeal the Order Vacating Settlement Approval [DE 812 and 814]. When the Court entered its Order Vacating Settlement Approval, Leary/SRX had already filed their Notice of Appeal of the Order. This Court stated in is Order Vacating Settlement Approval:

> The prior non-final Order approving the pending SRX/Leary settlement is VACATED. If Leary/SRX elect not to continue to pursue their appeal, and dismiss the appeal, the $2,050,000.00 previously posted by Leary/SRX shall be returned to counsel for Leary/SRX by the Trustee as provided by the Settlement Agreement. However, should Leary/SRX determine to proceed with their appeal, then those funds cannot be returned to Leary/SRX until the appeal has been resolved. Accordingly, if Leary/SRX continue to prosecute their appeal, the $2,050,000.00 shall be retained by the Trustee pending a final disposition of the appeal.

Accordingly, the question for the Court is whether Leary/SRX "elect[ed] not to continue to pursue their appeal," or whether there has been "a final disposition of the appeal." Leary/SRX did not elect to abandon the appeal; they filed briefs and pursued the appeal in the U.S. District Court. On December 2, 2011, U.S. District Judge Marra denied the Leary/SRX appeal and

3

entered an Order dismissing the appeal in Case No. 11-24236-MC-MARRA [USDC DE 11]. Under Rule 4, Federal Rule of Appellate Procedure, Judge Marra's Order is not final until January 4, 2012.

The Court is mindful that certain potential offsets to the Settlement Funds have been asserted, including a $2527/month charge for bank fees, and a writ of garnishment was served on the Trustee in connection with a judgment previously entered against SRX and pursuant to Florida Statute §77.06 (2) and (3), the Trustee, as garnishee, may be obligated to set aside $97,498.64 of the Settlement Funds [representing double the judgment amount of $48,749.32]. In addition, the Trustee now has two pending motions for sanctions against Leary/SRX which suggest that the Settlement Funds were wrongfully removed from the estate and should be considered property of the estate.  Furthermore, the Kurzweg Equity Group is seeking a determination that the $2.05 million settlement funds should not be returned to SRX until the "infolink.com" and "serverpronto.com" web domains, and any other property of the Debtors' estate taken by Leary/SRX, are transferred back to the Debtors.

Accordingly, the Court is not going to consider release of the Settlement Funds until Judge Marra's Order becomes final, after midnight on January 4, 2012.  At that time, the Court will consider the release and further consider the extent to which such funds should be released in light of the claims asserted against them.

Finally, the Leary/SRX Emergency Motion seeks to vacate the Partial Final Judgment entered in the underlying adversary action.  The Partial Final Judgment was a discovery sanction based upon two days of testimony and unrefuted bank statements and transfer documents that were entered into evidence.  The motion fails to set forth any basis in law or fact to persuade this

Court it should reconsider the entry of the Partial Final Judgment and vacate same.  Accordingly, it is

ORDERED AND ADJUDGED that the relief sought by Leary/SRX in the Emergency Motion To Vacate Order Granting Rehearing, Vacating Order Approving Settlement Agreement, and Permitting Equity Group to Proceed with its Plan of Reorganization, or in the Alternative for Immediate Return of SRX Trading, Inc.'s Settlement Funds and to Vacate Partial, Default Judgment, is DENIED.  A further hearing is set for January 6, 2012 at 10:30 AM in Courtroom 1410, 51 SW First Avenue, Miami, Florida, to consider release of the Settlement Funds.

# # #

Submitted by, and as modified by the Court:
Geoffrey S. Aaronson, Esq.
Miami Tower
100 SE 2nd Street, 27th Floor
Miami, Florida 33131
Tel. 786.594.3000
Fax 305.424-9336
gaaronson@aspalaw.com
*Special Counsel to Trustee*